GREGORY A. ASHE
gashe@ftc.gov
SALLY TIEU (CA Bar No. 346034)
stieu@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Telephone: (202) 326-3719 (Ashe)
Telephone: (202) 304-7313 (Tieu)
Facsimile: (202) 326-3768

DAVID HANKIN (CA Bar No. 319825)
Local Counsel
dhankin@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (310) 824-4343
Facsimile: (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>Plaintiff,<br><br>v.<br><br>**PANDA BENEFIT SERVICES, LLC**, *et al.*,<br><br>Defendants. | Case No. 8:24-cv-01386-CAS-RAOx<br><br>**PRELIMINARY INJUNCTION** |

Plaintiff, the Federal Trade Commission ("FTC"), commenced this civil action on June 24, 2024, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6105(b), and Section 522(a) of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6822(a).  (ECF No. 1.)  On June 24, 2024, on motion by the FTC, the Court entered an ex parte temporary restraining order, asset freeze, appointment of a receiver, and other equitable relief against Defendants ("TRO"). (ECF No. 29.)  On July 8, 2024, the Court held a hearing on an order to show cause why a preliminary injunction should not issue against Defendants.

## FINDINGS OF FACT

The Court, having considered the Complaint, the *ex parte* Motion for a Temporary Restraining Order, declarations, exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, finds that:

A. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this District is proper.

B. There is good cause to believe that in numerous instances, in connection with the marketing, telemarketing, and sale of student loan debt relief services, Defendants have:

    1. Falsely represented that Consumers who purchase Defendants' Debt Relief Services are guaranteed to receive loan forgiveness;

    2. Falsely represented that Consumers who purchase Defendants' Debt Relief Services will have their loan repayment amounts reduced;

    3. Falsely represented that Defendants will assume responsibility for the servicing of Consumers' student loans;

4. Falsely represented that Defendants are affiliated with the federal government, including specifically the Department of Education; and

5. Taken advance fees for the debit relief services;

C. There is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), multiple provisions of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, Section 521 of the GLB Act, 15 U.S.C. § 6821, and Section 461.2(b) of the FTC's Trade Regulation Rule on Impersonation of Government and Businesses ("Impersonation Rule"), 16 C.F.R. Part 461.2(b), and that the FTC is therefore likely to prevail on the merits of the action.  As demonstrated by the consumer declarations, consumer complaints, and the additional documentation filed by the FTC, the FTC has established a likelihood of success in showing that, in numerous instances, Defendants have made false, fictitious, fraudulent, and deceptive representations regarding their student loan debt relief services and taken illegal advance fees for those services.

D. There is good cause to believe that Defendants have taken in gross revenues of at least $16.7 million in the three years prior to the FTC's filing of the Complaint as a result of their unlawful practices.

E. There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act, the TSR, the GLB Act, and the Impersonation Rule unless Defendants are restrained and enjoined by order of this Court.

F. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including recission or reformation of contracts and the refund of money or return of property—will occur from the sale, transfer, destruction, or other disposition or concealment by

Defendants of their assets or records unless Defendants are immediately restrained and enjoined by order of this Court.

G. Good cause exists for continuing the receivership over the Receivership Entities and the freeze over Defendants' assets.

H. Weighing the equities and considering the FTC's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a temporary receiver, immediate access to business premises, expedited discovery, and other equitable relief is in the public interest.

I. This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

J. No security is required of any agency of the United States for issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

A. "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B. "**Consumer**" means any Person.

C. "**Corporate Defendant(s)**" means Panda Benefit Services, LLC, also doing business as Prosperity Benefit Services and Prosperity Benefit Services, LLC, Clarity Support Services, LLC, Pacific Quest Services, also doing business as DocPrepPay.com, Prosperity Loan Services, LLC, Public Processing Services, LLC, Quick Start Services, LLC, Select Student Services, LLC, Signature Processing Services, Inc., and each of their subsidiaries, affiliates, successors, and assigns.

D. "**Debt Relief Service**" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or

other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

E. "**Defendants**" means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination.

F. "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

G. "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

H. "**Individual Defendants**" means Christopher Michael Hanson, Eduardo Avalos Martinez, Emiliano Salinas, and Melissa Salinas, individually, collectively, or in any combination.

I. "**Person**" means a natural person, an organization or other legal entity,

including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

J.  "**Receiver**" means the receiver appointed in Section XI of this Order and any deputy receivers that shall be named by the receiver.

K.  "**Receivership Entities**" means Corporate Defendants as well as any other entity that has conducted any business related to Defendants' marketing of Debt Relief Services, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant, including but not limited to Clarity Tax Relief, LLC, Docs Done Right, Inc., Docs Done Right, LLC, Docs Done Right, LP, Mimo Services, Inc., Red Signature Solutions, LLC, Design It Media, Inc., GFY Services, Inc., and Serene Creations, Inc.

## ORDER

## PROHIBITED CONDUCT

I.  **IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are temporarily restrained and enjoined from:

A. Misrepresenting, directly or indirectly, expressly or by implication:

1.  That Consumers who purchase any Debt Relief Service will receive loan forgiveness;

2.  That Consumers who purchase any Debt Relief Service will be enrolled in a loan repayment program that will significantly reduce their loan payments;

3.  That any Person will assume responsibility for the servicing of Consumers' student loans;

4.  That any Person is affiliated with the U.S. Department of Education or part of a federal government program; or

5.  Any other fact material to Consumers concerning any Debt Relief Service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics;

6.  Any fact material to Consumers concerning any product or service, such as any benefit of such product or service; any requirements for obtaining such product or service; the existence, amount, or timing of any fee or chargex, or the total cost to purchase, receive, or use such product or service; any material restrictions, limitations, or conditions to purchase, receive, or use such product or service; or any material aspect of the performance, efficacy, nature, or central characteristic of such product or service; and

B.  Charging or receiving money or other valuable consideration for the performance of any Debt Relief Service before such service is fully performed.

**PROHIBITION ON RELEASE OF CUSTOMER INFORMATION**

II.   **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.  Selling, renting, leasing, transferring, or or otherwise disclosing the name, address, birth date, telephone number, email address, credit card

number, bank account number, Social Security number, or other financial or identifying information of any Person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B. Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any Person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

C. *Provided, however*, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings, or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

**ASSET FREEZE**

**III.  IT IS FURTHER ORDERED** that, except as set forth in Sections III.F, III.G, and III.H and until further order of this Court, Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

1.  owned or controlled, directly or indirectly, by any Defendant;

2.  held, in part or in whole, for the benefit of any Defendant;

3.  in the actual or constructive possession of any Defendant; or

4.  owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant.

B.  Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C.  Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager.  This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D.  Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

E.  The Assets affected by this Section shall include: (1) all Assets of Defendants as of the time this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order.  This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

F. JP Morgan Chase Bank shall immediately upon receipt of a copy of this Order (a) transfer the amount of $717.41 from account number xxxx1420 in the name of Serene Creations Inc./Melissa Salinas to account number xxxx9263 in the name of Melissa Salinas after which transfer account number xxxx9263 in the name of Melissa Salinas shall be released from the asset freeze and account number xxxx1420 in the name of Serene Creations Inc./Melissa Salinas shall remain frozen, (b) release from the asset freeze account number xxxx5404 in the name of Christopher Hanson, (c) release from the asset freeze account number xxxx3438 in the name of Emiliano Salinas and Ashley Salinas.

G. Individual Defendants may each retain and spend income received from employment unrelated to Debt Relief Services performed after the date of entry of the TRO, provided that such income be first deposited into the respective accounts released pursuant to Section III.F of this Order.

H. Individual Defendants may each retain and spend Assets acquired by loan or gift after the date of entry of this Order, provided that such income be first deposited into the respective accounts released pursuant to Section III.F of this Order, and provided further that for any loan or gift valued at more than $500, the respective Defendant must first identify the amount and source of such loan or gift to FTC counsel.

**DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES**

IV. **IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that: (a) has held, controlled, or maintained custody, through an account or otherwise, of

any Document on behalf of any Defendant or any Asset that has been owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; (b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or Asset associated with credits, debits, or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or (c) has extended credit to any Defendant, including through a credit card account, shall:

A. Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except for those Assets identified in Sections III.F, III.G, and III.H or by further order of this Court or, with respect to any Document or Asset owned by, held in the name of, for the benefit of, or otherwise controlled by any Receivership Entity, as directed in writing by the Receiver; *provided, however*, that this provision does not prohibit an Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B. Deny any person, except the Receiver, access to any safe deposit box,

commercial mail box, or storage facility that is titled in the name of any
Defendant, either individually or jointly, or otherwise subject to access
by any Defendant;

C. Provide the FTC's counsel and the Receiver, within three (3) days of
receiving a copy of this Order, a sworn statement setting forth, for each
Asset or account covered by this Section:

   1. The identification number of each such account or Asset;

   2. The balance of each such account, or a description of the nature and
value of each such Asset, as of the close of business on the day that
this Order is served, and, if the account or other Asset has been closed
or removed, the date closed or removed, the total funds removed in
order to close the account, and the name of the person or entity to
whom such account or other Asset was remitted; and

   3. The identification of any safe deposit box, commercial mailbox, or
storage facility that is either titled in the name, individually or jointly,
of any Defendant, or is otherwise subject to access by any Defendant;
and

D. Upon the request of FTC counsel or the Receiver, promptly provide FTC
counsel and the Receiver with copies of all records or other Documents
pertaining to any account or Asset covered by this Section, including
originals or copies of account applications, account statements, signature
cards, checks, drafts, deposit tickets, transfers to and from the accounts,
including wire transfers and wire transfer instructions, all other debit and
credit instruments or slips, currency transaction reports, 1099 forms, and
all logs and records pertaining to safe deposit boxes, commercial mail
boxes, and storage facilities.

E. Provided, however, that a financial institution does not have to provide

the information required in sub-sections C and D if (1) the financial institution has complied with the similar provision set forth in the TRO; and (2) the information provided has not changed.

F. *Provided, however*, that this Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

## FINANCIAL DISCLOSURES

**V.   IT IS FURTHER ORDERED** that each Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to FTC counsel and the Receiver:

A. Completed financial statements on the forms attached to the TRO as **Attachment A** (Financial Statement of Individual Defendant) for each Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each Corporate Defendant; and

B. Completed the form attached to the TRO as **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for each Defendant.

C. *Provided*, that Defendants do not have to provide such financial reports if (1) they have complied with the similar provision set forth in the TRO; and (2) the information provided has not changed.

## FOREIGN ASSET REPATRIATION

**VI.   IT IS FURTHER ORDERED** that within five (5) days of service of this Order upon them, each Defendant shall:

A. Provided FTC counsel with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation,

partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B.  Take all steps necessary to provide FTC counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to the TRO as **Attachment D**;

C.  Transfer to the territory of the United States all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

D.  The same business day as any repatriation, (1) notify the Receiver and FTC counsel of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## NON-INTERFERENCE WITH REPATRIATION

**VII.  IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the

repatriation required by this Order, including, but not limited to:

A. Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

B. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

## CONSUMER CREDIT REPORTS

**VIII. IT IS FURTHER ORDERED** that the FTC may obtain credit reports concerning any Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the FTC.

## PRESERVATION OF RECORDS

**IX. IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A. Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under

the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B. Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## REPORT OF NEW BUSINESS ACTIVITY

**X.     IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing FTC counsel and the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## CONTINUATION OF RECEIVERSHIP

**XI.     IT IS FURTHER ORDERED** that Thomas W. Namara shall continue as receiver of the Receivership Entities with full powers of an equity receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## DUTIES AND AUTHORITY OF RECEIVER

**XII.   IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

-16-

A. Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B. Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C. Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D. Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets.  The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities.  The Receiver shall have full power to sue for, collect, and receive, all Assets of the Receivership Entities and of other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Entities.  *Provided, however*, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

E.  Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents.  The Receiver shall: divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords or other log-in credentials; take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely;

F.  Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G.  Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

H.  Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses.

Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

I.  Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such web page or websites to the FTC's representatives, agents, and assistants, as well as Defendants and their representatives;

J.  Enter into and cancel contracts and purchase insurance as advisable or necessary;

K.  Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

L.  Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and

deliver copies thereof to all parties;

M. Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N. Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

O. Open one or more bank accounts at designated depositories for funds of the Receivership Entities.  The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.  The Receiver shall serve copies of monthly account statements on all parties;

P. Maintain accurate records of all receipts and expenditures incurred as Receiver;

Q. Allow the FTC's representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business.  The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of

such access.

R. Allow the FTC's representatives, agents, and assistants, as well as Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

S. Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

T. Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

U. If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court. *Provided, however*, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity; and

V. If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

W. If the Receiver makes the good faith determination that the business of the Receivership Entities cannot be lawfully operated at a profit, the Receiver is directed and authorized to wind up the business affairs of the Receivership Entities, including, where appropriate, liquidating all assets. The Receiver may take any necessary measures to preserve the assets of the receivership estate, including the sale of property and the termination of contracts, including but not limited to leases of business premises.

**TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER**

XIII. **IT IS FURTHER ORDERED** that Defendants and any other Person, with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A. All Assets held by or for the benefit of the Receivership Entities;

B. All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C. All Documents of or pertaining to the Receivership Entities;

D. All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities;

///
///

E. All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F. All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

G. In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## PROVISION OF INFORMATION TO THE RECEIVER

XIV. **IT IS FURTHER ORDERED** that Defendants shall immediately provide to the Receiver:

A. A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B. A list of all agents, employees, officers, attorneys, servants and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C. A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

///

## COOPERATION WITH THE RECEIVER

**XV.   IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property of or records relating to the Receivership entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver.  This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## NON-INTERFERENCE WITH THE RECEIVER

**XVI.  IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A. Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.  Transacting any of the business of the Receivership Entities;

C.  Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.  Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

**STAY OF ACTIONS**

**XVII. IT IS FURTHER ORDERED** that:

A.  Except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

1.  Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 et seq., or of any similar insolvency proceeding on behalf of the Receivership Entities;

2.  Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership

Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

3. Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

B. The Receiver and his agents acting within the scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or any Retained Personnel be liable to any Person (except the FTC) for their acts or omissions or their good faith compliance with their duties and responsibilities, except as a result of a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.  Any Person (except the FTC) seeking recovery from the Receiver or any Retained Personnel for conduct in the course of the administration of this estate must first obtain leave from this Court.  This Court shall retain jurisdiction over any action filed against the Receiver or any Retained Personnel based upon acts or omissions committed in their representative capacities.

C. *Provided, however*, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or

regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## COMPENSATION OF RECEIVER

XVIII.    **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## RECEIVER'S BOND

XIX.  **IT IS FURTHER ORDERED** that the Receiver is not required to file a bond at this time.

## RECEIVER'S REPORTS

XX.  **IT IS FURTHER ORDERED** that the Receiver shall report to this Court on or before any date set for a hearing on whether a Preliminary Injunction should issue, regarding (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Entities; (3) the sum of all liabilities of the Receivership Entities; (4) the steps the Receiver intends to take in the future to (a) prevent any diminution in the value of assets of the Receivership Entities, (b) pursue receivership assets from third parties, and (c) adjust the liabilities of the

Receivership Entities, if appropriate; (5) whether the business of the Receivership Entities can be operated lawfully and profitably; and (6) any other matters that the Receiver believes should be brought to the Court's attention. *Provided, however,* that if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**XXI. IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, and provide the FTC and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## SERVICE OF THIS ORDER

**XXII. IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the complaint and summons), may be served by any means, including

-28-

facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of the FTC, by any law enforcement agency, or by private process server, upon any Defendant or any person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

**CORRESPONDENCE AND SERVICE ON THE FTC**

**XXIII.      IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on the FTC shall be addressed to Gregory Ashe and Sally Tieu, 600 Pennsylvania Avenue, Mail Drop CC-10232, Washington, D.C. 20580, email gashe@ftc.gov and stieu@ftc.gov.

**RETENTION OF JURISDICTION**

**XXIV.      IT IS FURTHER ORDERED** that that this Court shall retain jurisdiction of this matter for all purposes..

**IT IS SO ORDERED.**

Dated:  July 8, 2024

_____

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

-29-