**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION**, | Case No. 8:24-cv-01386-CAS-RAOx |
| Plaintiff, | **ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS SELECT STUDENT SERVICES, LLC AND EDUARDO MARTINEZ** |
| v. | |
| **PANDA BENEFIT SERVICES, LLC**, *et al.*, | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("FTC"), commenced this civil action on June 24, 2024, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6105(b), and Section 522(a) of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6822(a). (ECF No. 1.) On June 24, 2024, on motion by

the FTC, the Court entered an ex parte temporary restraining order, asset freeze, appointment of a receiver, and other equitable relief against Defendants ("TRO"). (ECF No. 29.)  On July 8, 2024, after a hearing on an order to show cause, the Court entered a Preliminary Injunction ("PI") against Defendants.  (ECF No. 48.)

Now, the FTC and Defendants Select Student Services, LLC and Eduardo Martinez, by and through their undersigned counsel, hereby stipulate, agree, and move the Court for entry of a Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

## FINDINGS

By stipulation of the parties, the Court finds that:

A. This Court has jurisdiction over this matter.

B. The Complaint charges that Settling Defendants participated in deceptive and unlawful acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), multiple provisions of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, Section 521 of the GLB Act, 15 U.S.C. § 6821, and Section 461.2(b) of the FTC's Trade Regulation Rule on Impersonation of Government and Businesses ("Impersonation Rule"), 16 C.F.R. Part 461.2(b), in connection with Defendants' marketing and sale of student loan debt relief services.

C. Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

D. Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

E. Settling Defendants and the FTC waive all rights to appeal or otherwise challenge or contest the validity of this Order.

F. Entry of this Order is in the public interest.

### DEFINITIONS

For purposes of this Order, the following definitions shall apply:

A. "**Clearly and Conspicuously**" means that a required disclosure is easily noticeable (*i.e.*, difficult to miss) and easily understandable by ordinary consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication

even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B. "**Consumer**" means any Person.

C. "**Defendants**" means Panda Benefit Services, LLC, Clarity Support Services, LLC, Pacific Quest Services, Prosperity Loan Services, LLC, Public Processing Services, LLC, Quick Start Services, LLC, Select Student Services, LLC, Signature Processing Services, Inc., Eduardo Avalos Martinez, Emiliano Salinas, Christopher Michael Hanson, and Melissa Salinas, individually, collectively, or in any combination.

D. "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

E. "**Receiver**" means Thomas W. McNamara.

F. "**Receivership Entity**" means the Corporate Settling Defendant, as well as any other entity that has conducted any business related to Defendants' student loan debt relief services business, including receipt of assets derived from any activity that is the subject of the Complaint in this matter, and which the Receiver has reason to believe is owned or controlled in whole or in part by

either Settling Defendant, including, but not limited to, Clarity Tax Relief, LLC, Docs Done Right, Inc., and Docs Done Right, LLC.

G. **"Settling Defendants"** means Corporate Settling Defendant and Individual Settling Defendant, individually, collectively, or in any combination.

"**Corporate Settling Defendant**" means Select Student Services, LLC and each of its subsidiaries, affiliates, successors, and assigns, individually, collectively, or in any combination.  "**Individual Settling Defendant**" means Eduardo Martinez.

H. "**Secured or Unsecured Debt Relief Product or Service**" means:

1. With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

   a. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

   b. negotiate, obtain, or arrange a modification, or renegotiate, settle, reduce, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance,

monthly payments, or fees owed by a person to a secured or unsecured

creditor or debt collector;

c. obtain any forbearance or modification in the timing of payments from

any secured or unsecured holder or servicer of any mortgage, loan, debt,

or obligation;

d. negotiate, obtain, or arrange any extension of the period of time within

which a person may (i) cure his or her default on the mortgage, loan,

debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or

obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any

right to reinstate the mortgage, loan, debt, or obligation or redeem a

dwelling or other collateral;

e. obtain any waiver of an acceleration clause or balloon payment contained

in any promissory note or contract secured by any dwelling or other

collateral; or

f. negotiate, obtain, or arrange (i) a short sale of a dwelling or other

collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition

of a mortgage, loan, debt, or obligation other than a sale to a third party

that is not the secured or unsecured loan holder;

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

2. With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

   a. repay one or more unsecured loans, debts, or obligations; or

   b. combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations

I. "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones, and which involves more than one interstate telephone call.

# ORDER

## BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES

**I.    IT IS THEREFORE ORDERED** that Settling Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering for sale, or selling any Secured or Unsecured Debt Relief Product or Service; and

B. Assisting others in the advertising, marketing, promoting, offering for sale, or selling any Secured or Unsecured Debt Relief Product or Service.

## BAN ON TELEMARKETING

**II.    IT IS FURTHER ORDERED** that Settling Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from participating in Telemarketing, including, but not limited to, by consulting, brokering, planning, investing, or advising others regarding Telemarketing.

## PROHIBITED BUSINESS ACTIVITIES

**III.    IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, distributing, servicing, offering, or

selling any product or service, are permanently restrained and enjoined from engaging in, or assisting others engaged in, the following:

A. Misrepresenting, expressly or by implication:

1. Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the Consumer;

2. The nature, expertise, position, or job title of any Person who provides any product, service, plan, or program;

3. The ability to improve or otherwise affect a Consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a Consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing negative information from the Consumer's credit record or history even where such information is accurate and not obsolete;

4. That a Consumer will save money;

5. Any benefit of such product or service;

6. Any requirements for obtaining such product or service;

7. The existence, amount, or timing of any fees or charges, or the total cost to purchase, receive, or use such product or service; or

8.  Any other fact material to Consumers concerning any product or service, such as: any material restrictions, limitations, or conditions to purchase, receive, or use such product or service; or any material aspect of the performance, efficacy, nature, or central characteristics of such product or service.

B.  Failing to disclose Clearly and Conspicuously the fact, if true, that a Consumer must activate, request, initiate, or otherwise take some affirmative action in order to receive or use such product or service; or

C.  Making any representation, expressly or by implication, about the benefits, performance, or efficacy of any product or service, unless the representation is non-misleading, including that, at the time such representation is made, such Settling Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

**INJUNCTION RELATING TO IMPERSONATING ANY GOVERNMENT ENTITY OR PERSON**

IV.  **IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice

of this Order, whether acting directly or indirectly, in connection with

marketing, promoting, distributing, servicing, offering, or selling any

product or service, are hereby permanently restrained and enjoined from:

A. Misrepresenting or assisting others in misrepresenting, expressly or by

implication, that any Person is affiliated with, endorsed, sponsored by, or

approved by, or otherwise connected to any other Person; government entity;

public, non-profit, or other non-commercial program; or any other program;

B. Violating the FTC's Impersonation Rule, 16 C.F.R. Part 461, a copy of

which is attached.

**INJUNCTION RELATING TO CONSUMER FINANCIAL INFORMATION**

**V.    IT IS FURTHER ORDERED** that Settling Defendants, Settling

Defendants' officers, agents, employees, and attorneys, and all other persons

in active concert or participation with any of them, who receive actual notice

of this Order, whether acting directly or indirectly, are hereby permanently

restrained and enjoined from:

A. Making any false, fictitious, or fraudulent statement or representation to any

Person to obtain or attempt to obtain information of a Consumer, including,

but not limited to, credit or debit card numbers, bank account numbers and

routing numbers, and consumer credit reports; or

B. Violating the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, §§ 6821-6827, a copy of which is attached.

## CONTINUATION OF RECEIVERSHIP

**VI.** **IT IS FURTHER ORDERED** that Thomas McNamara, Esq., shall continue as a permanent receiver over the Receivership Entities with full powers of a permanent receiver, including but not limited to those powers set forth in the Preliminary Injunction entered on July 8, 2024 (ECF No. 48), and including full liquidation powers. The Receiver is directed to wind up the Receivership Entities and liquidate all assets within 365 days after entry of this Order. Any party or the Receiver may request that the Court extend the Receiver's term for good cause. Upon termination of the receivership and final payment to the Receiver of all approved fees, costs, and expenses, the Receiver shall turn over to the FTC or its designated agent all remaining assets in the receivership estate.

## MONETARY JUDGMENT AND PARTIAL SUSPENSION

**VII.** **IT IS FURTHER ORDERED** that:

A. Judgment in the amount of SIXTEEN MILLION, SEVEN HUNDRED AND EIGHTY-SEVEN THOUSAND, AND TWENTY-EIGHT Dollars ($16,787,028) is entered in favor of the FTC against Settling Defendants, jointly and severally with any other Defendant against whom judgment may

be entered, as monetary relief pursuant to Section 19 of the FTC Act, 15 U.S.C. § 57b, for Settling Defendants' violations of the TSR, the Impersonation Rule, and Section 521(a) of the GLB Act.

B. In partial satisfaction of the judgment set forth in Section VII.A:

1. All financial or other institutions holding accounts in the name of, on behalf of, or for the benefit of, any Receivership Entity shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in such accounts, including, but not limited to:

   a. JP Morgan Chase Bank shall, within 10 business days of receipt of a copy of this Order, transfer to the Receiver all funds, if any, in (a) account number xxxx0231 in the name of Select Student Services; (b) account number xxxx3117 in the name of Clarity Tax Relief; (c) account number xxxx1685 in the name of Mimo Services; (d) account number xxxx5090 in the name of Red Signature Solutions; (e) account number xxxx7907 in the name of Docs Done Right;

   b. Payment Automation Network/Unity FI Solutions shall, within 10 business day of receipt of a copy of this Order, transfer to the Receiver all funds, if any, associated with any client ID associated

-14-

with Select Student Services, Clarity Tax Relief, Mimo Services, Red Signature Solutions, or Docs Done Right;

c.  Coinbase shall, within 10 business days of receipt of a copy of this Order, liquidate, and transfer the proceeds of such liquidation to the Receiver, all cryptocurrency held in the names of Select Student Services, Clarity Tax Relief, Mimo Services, Red Signature Solutions, or Docs Done Right;

2.  Coinbase shall, within 10 business days of receipt of a copy of this Order, liquidate, and transfer the proceeds of such liquidation to the FTC, all cryptocurrency held in the names of Eduardo Martinez;

3.  Uphold HQ Inc. shall, within 10 business days of receipt of a copy of this Order, liquidate, and transfer the proceeds of such liquidation to the FTC, all cryptocurrency held in the names of Eduardo Martinez;

4.  Robinhood Securities shall, within 10 business days of receipt of a copy of this Order, liquidate, and transfer the proceeds of such liquidation to the FTC, all securities assets in account number xxxx7530 in the name of Eduardo Martinez;

5.  Defendant Martinez shall, within thirty (30) days after the date of entry of this Order, transfer by assignment to the Receiver or his designated agent, in the form satisfactory to the Receiver, Defendant Martinez's

rights to the purchase agreement dated January 14, 2021 (the "Purchase Agreement") entered by Defendant Martinez as promissory trust beneficiary (purchaser) and Banca Mifel S.A. as trustee for an irrevocable administration trust (identified in the agreement as "Fideicomiso Palacio Del Mar 682/2006," and which was formalized in public instrument 18,111 volume 846 dated January 17, 2006 by notary public Juan Jose Thomas Moreno, notary public number 7 in Tijuana, Baja California, Mexico), for the sale of, through the partial termination of the Fideicomiso Palacio Del Mar 682/2006 trust and the creation of a new irrevocable trust for the benefit of the purchaser, condominium unit number 50200-1 (consisting of a private area of 499.25 square meters improved with a two-story single family residence of 535.60 square meters) of the Palacio Del Mar Condominium Development in Playas de Rosarito, Baja California, Mexico (the "Villa").  To the extent that Fideicomiso Palacio Del Mar 682/2006 does not recognize the validity of the assignment of Defendant Martinez's rights in the Purchase Agreement to the Receiver or his designated agent within ninety (90) days after the assignment was made by Defendant Martinez then Defendant Martinez shall close upon the Purchase Agreement in cooperation with the Receiver within one hundred eighty days (180) from

the date of entry of this Order, with the Receiver using funds in the

receivership estate to pay any remaining balance owed by Defendant

Martinez to Fideicomiso Palacio Del Mar 682/2006 in connection with

the purchase price and all applicable closing costs, including transfer

taxes and notary fees, through the creation of a Mexican irrevocable real

estate trust (the "New Fideicomiso") in which Defendant Martinez shall

be named as the trust beneficiary.  Defendant Martinez shall immediately

place the Villa for sale on any terms set by the Receiver after the creation

of the New Fideicomiso, with the terms of such sale requiring that a

United States-based escrow be used to hold funds in escrow and all net

sales proceeds be paid to the Receiver at closing, with any capital gains

tax and brokerage fees paid from the sales proceeds through escrow.  To

the extent Defendant Martinez incurs capital gains tax, trust fees, or other

transfer-related costs related to the transactions contemplated by this sub-

section, Defendant Martinez shall promptly present evidence of such

costs to the Receiver after which such costs shall be deemed liabilities of

the receivership estate.  Defendant Martinez shall cooperate fully with the

Receiver and shall execute any instrument or document presented by the

Receiver, and do whatever else the Receiver deems necessary or

desirable to effect either (i) the assignment of the Purchase Agreement to

Receiver or Receiver's designated agent, or (ii) the closing of the Purchase Agreement by Defendant Martinez and subsequent sale of the Villa for the benefit of the receivership estate. Upon (a) the assignment of the rights to the Purchase Agreement to the Receiver or his designated agent; or (b) the creation of the New Fideicomiso; the rights to the Purchase Agreement or the New Fideicomiso, as applicable, shall be an asset of the receivership estate, to be governed by Section VI of this Order, provided that Defendant Martinez shall have the right of first offer on any sale of the Villa underlying the Purchase Agreement or the New Fideicomiso;

C. Upon completion of the asset transfers set forth in Section VII.B of this Order, the remainder of the judgment is suspended, subject to the Subsections E, F, and G below.

D. The asset freeze is modified to permit the transfers and liquidations identified in this Section. Upon completion of those transfers and liquidations, the asset freeze as to Settling Defendants is dissolved.

E. The FTC's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the FTC, namely: (1) the Financial

Statement of Individual Defendant Eduardo Martinez signed on July 4, 2024, including the attachments, (2) the Financial Statement of Corporate Defendant Select Student Services signed by Eduardo Martinez on July 18, 2024, including the attachments, (3) the Financial Statement of Clarity Tax Relief signed by Eduardo Martinez on July 19, 2024, including the attachments, and (4) the Financial Statement of Mimo Services signed by Eduardo Martinez on July 18, 2024, including the attachments.

F. The suspension of the judgment will be lifted as to a Settling Defendant if, upon motion by the FTC, the Court finds that such Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Settling Defendant in the amount specified in Subsection VII.A above (which the parties stipulate, only for purposes of this Section, represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

H. Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

I. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to Section VII.A of this Order, such as a nondischargeability complaint in any bankruptcy case.

J. The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

K. Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Number or Employer Identification Number), which Settling Defendants previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

L. All money received by the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of

any redress fund.  If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the FTC may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such relief is to be deposited to the U.S. Treasury. Settling Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

## CUSTOMER INFORMATION

VIII.    **IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the FTC to efficiently administer consumer redress.  If a representative of the FTC requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the FTC, within 14 days;

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number,

FSA ID, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Settling Defendants obtained prior to entry of this Order in connection with the marketing and sale of Secured or Unsecured Debt Relief Products or Services; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the FTC.

D. Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## COOPERATION

IX. **IT IS FURTHER ORDERED** that Settling Defendants must fully cooperate with representatives of the FTC in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Settling Defendants must provide truthful and complete information, evidence, and testimony. Individual Settling Defendant must appear and Corporate Settling Defendant must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a FTC

representative may reasonably request upon 5 days written notice, or other

reasonable notice, at such places and times as a FTC representative may

designate, without the service of a subpoena.

## ORDER ACKNOWLEDGMENTS

X.    **IT IS FURTHER ORDERED** that Settling Defendants obtain

acknowledgments of receipt of this Order:

A. Each Settling Defendant, within 7 days of entry of this Order, must submit to

the FTC an acknowledgment of receipt of this Order sworn under penalty of

perjury.

B. For 5 years after entry of this Order, Individual Settling Defendant for any

business that such Defendant, individually or collectively with any other

Defendants, is the majority owner or controls directly or indirectly, and

Corporate Settling Defendant must deliver a copy of this Order to: (1) all

principals, officers, directors, and LLC managers and members; (2) all

employees having managerial responsibilities for conduct specified in

Sections I–V and all agents and representatives who participate in conduct

specified in Sections I–V; and (3) any business entity resulting from any

change in structure as set forth in the Section titled Compliance Reporting.

Delivery must occur within 7 days of entry of this Order for current

personnel.  For all others, delivery must occur before they assume their

responsibilities.

C. From each individual or entity to which a Settling Defendant delivered a copy of this Order, such Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

XI. **IT IS FURTHER ORDERED** that each Settling Defendant make timely submissions to the FTC:

A. One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with such Settling Defendant; (b) identify all of such Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Settling Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how such Settling Defendant is in compliance with each Section of this Order; and

(e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

2. Additionally, Individual Settling Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Individual Settling Defendant performs services whether as an employee or otherwise and any entity in which Individual Settling Defendant has any ownership interest; and (c) describe in detail Individual Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 15 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Settling Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of Corporate Settling Defendant or any entity that such Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution

of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Individual Settling Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Individual Settling Defendant performs services whether as an employee or otherwise and any entity in which Individual Settling Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Settling Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling Defendant within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to

DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Panda Benefit Services, LLC, Matter No. X240039.

## RECORDKEEPING

XII.  **IT IS FURTHER ORDERED** that each Settling Defendant must create certain records for 15 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Settling Defendant and Individual Settling Defendant, for any business that Individual Settling Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E. a copy of each unique advertisement or other marketing material.

### COMPLIANCE MONITORING

**XIII.** **IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the FTC, each Settling Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the FTC is authorized to communicate directly with Settling Defendants.  Settling Defendants must permit representatives of the FTC to interview any employee or other person affiliated with Settling Defendants who has agreed to such an interview. The person interviewed may have counsel present.

C. The FTC may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning Individual Settling Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## RETENTION OF JURISDICTION

XIV. **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: May 14, 2025

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE