UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 8:24-cv-01386-CAS-RAOx | Date | July 10, 2025 |
|---|---|---|---|
| Title | Federal Trade Commission v. Panda Benefit Services, LLC et al | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

No Present     Not Present

**Proceedings:**    (IN CHAMBERS) - ATTORNEYS' FEES ORDER FOR CONTEMPT PROCEEDINGS REGARDING DEFENDANT EDUARDO MARTINEZ

## I. INTRODUCTION & BACKGROUND

On June 24, 2024, plaintiff the Federal Trade Commission ("plaintiff") commenced this civil action pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act, 15 U.S.C. §§ 53(b) and 57b, Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105(b), and Section 522(a) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6822(a). Dkt. 1 ("Compl."). Plaintiff asserts claims against the following defendants: Panda Benefit Services, LLC; Clarity Support Services, LLC; Pacific Quest Services; Prosperity Loan Services LLC; Public Processing Services LLC; Quick Start Services, LLC; Select Student Services, LLC; Signature Processing Services, Inc. (collectively, the "corporate defendants"); Eduardo Avalos Martinez; Emiliano Salinas; Christopher Michael Hanson; and Melissa Salinas (collectively, the "individual defendants"). Compl. ¶¶ 9-20.

The background of this case is well-known to the parties and set forth in the Court's amended preliminary injunction, see dkt. 51, as well as the Court's order holding defendant Eduardo Avalos Martinez ("Martinez") in civil contempt, see dkt. 110. Accordingly, in this order, the Court only recites details relevant to the instant issue of attorneys' fees.

On June 5, 2025, upon *ex parte* application by Receiver Thomas McNamara (the "Receiver"), the Court found that defendant Martinez was in contempt of Court for failing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 8:24-cv-01386-CAS-RAOx | Date | July 10, 2025 |
|---|---|---|---|
| Title | Federal Trade Commission v. Panda Benefit Services, LLC et al | | |

to comply with the preliminary injunction. Dkt. 110. In its order, the Court granted attorneys' fees to the Receiver for the "time and expense [incurred in] bringing Martinez's failure to comply with the preliminary injunction to the Court's attention." Id. at 13. The Court ordered the Receiver to submit evidence of his attorneys' fees, to enable the Court to determine the reasonableness of his request. Id.

On June 19, 2025, the Receiver filed a declaration from his counsel regarding attorneys' fees and costs incurred as a result of Martinez's contempt. Dkt. 112. He concurrently filed: (1) an invoice outlining attorney time spent preparing the Receiver's *ex parte* application for an order to show cause ("OSC"), and (2) an invoice outlining time spent conferring with plaintiff's counsel and Martinez's former counsel, as well as time spent preparing the Receiver's reply to Martinez's response. See dkt. 112, Ex. 1-2.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Ninth Circuit "requires a district court to calculate an award of attorneys' fees by first calculating the 'lodestar.'" Caudle v. Bristow Optical Co., 224 F.3d 1014, 1028 (9th Cir. 2000) (citing Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996)) (reversing the district court's award of attorneys' fees because it failed to calculate a lodestar figure and assess the extent to which recognized bases for adjusting that figure applied)). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales, 96 F.3d at 363. It incorporates consideration of the results obtained, as required by Hensley, and other relevant factors as well. Morales, 96 F.3d at 363 n.8.

To calculate the lodestar figure, a plaintiff must submit "satisfactory evidence… that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984). The relevant community is that in which the district court sits. See Schwartz v. Secretary of Health and Human Servs., 73 F.3d 895, 906 (9th Cir. 1995). Declarations regarding the prevailing market rate in the relevant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL   'O'

| Case No. | 8:24-cv-01386-CAS-RAOx | Date | July 10, 2025 |
|---|---|---|---|
| Title | Federal Trade Commission v. Panda Benefit Services, LLC et al | | |

community suffice to establish a reasonable hourly rate.  See Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998).

### III.  DISCUSSION

The Receiver requests $19,377 in fees and $168.75 in costs, totaling $19,545.75. Dkt. 112 ¶¶ 6-7.  In the declaration filed by his counsel, Logan Smith ("Smith"), Smith states that he charges an hourly rate of $645.  Id. ¶ 6.  Smith states that another attorney who worked on this matter, Alexander Wall ("Wall"), charges an hourly rate of $595.  Id.

According to Exhibit 1, Wall spent 13.3 hours on the Receiver's *ex parte* application for an OSC as to why defendant Martinez should not be held in civil contempt.  Dkt. 112, Ex. 1.  Exhibit 1 shows that Smith spent 4.5 hours on the same *ex parte* application.  Id.  Therefore, in total, 17.8 attorney hours were spent drafting and revising the *ex parte* application and the Receiver's affidavit of non-compliance, including 0.3 hours conferring with plaintiff's counsel.  Id.  Exhibit 1 also states that Smith and Wall's law firm incurred $61.75 in costs.  Id.  These costs included $33.42 for delivery services regarding the Receiver's motion for an OSC as to why Larry Levin should not be held in civil contempt, and $28.33 for delivery services regarding the Receiver's motion to continue the hearing on this motion.  Id.  It appears to the Court that these costs pertain to the Receiver's motion to hold Larry Levin in contempt, not the Receiver's efforts to hold Martinez in contempt.  See id.

According to Exhibit 2, Wall spent 6.8 hours and Smith spent 7 hours on the Receiver's reply to Martinez's response to the OSC, for a total of 13.8 attorney hours. Dkt. 112, Ex. 2.  This included 0.3 hours conferring with Martinez's former counsel and 0.2 hours drafting an email to Martinez.  Id.  Exhibit 2 also states that Smith and Wall's law firm incurred $107 in costs for the reply, including delivery services for (1) the Receiver's motion to continue, once again, the hearing regarding Larry Levin, and (2) the Receiver's *ex parte* application for an OSC as to why defendant Martinez should not be held in civil contempt.  Id.

Smith states that the request is reasonable because he and his firm "cut a significant number of counsel's time entries and limited the fees to those strictly related to the Receiver's *Ex Parte* Application or the Receiver's Reply to Martinez's Response to the [OSC]." Dkt. 112 ¶ 4.  He asserts that "[w]e generally omitted fees that were precipitated by Martinez's contempt but not directly related to the *Ex Parte* Application

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-01386-CAS-RAOx | Date | July 10, 2025 |
|---|---|---|---|
| Title | Federal Trade Commission v. Panda Benefit Services, LLC et al | | |

or Reply (e.g., fees for time spent coordinating with the Receiver's cross-border counsel or the property's [s]eller)." Id. According to Smith, the briefing for Martinez's contempt proceedings was "time consuming, because the original motion covered a lengthy history of noncompliance by Martinez dating back to June 2024." Id. ¶ 5. Further, Smith asserts that the underlying asset is an international asset, implicating Mexican law, and Martinez's non-cooperation required the Receiver to engage cross-border counsel in connection with the Receiver's related efforts to secure the cooperation of the Mexican seller. Id.

While the Receiver's filing outlines the fees incurred by his counsel and the reasonableness of the time spent on the contempt proceedings, it does not include any discussion of the reasonableness of his counsel's rates. "When a fee applicant fails to meet its burden of establishing the reasonableness of the requested rates, however, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community." Bademyan v. Receivable Mgmt. Servs. Corp., No. CV 08-00519-MMM-RZx, 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009).

Here, based on its familiarity with prevailing market rates in the Central District of California and its experience determining reasonable hourly rates in other cases, the Court finds that Smith's and Wall's hourly rates of $645 and $595, respectively, are reasonable. See Dale v. BMW of N. Am., LLC, No. 2:22-CV-05668-RGK-PVC, 2023 WL 6786858, at *4 (C.D. Cal. Sept. 1, 2023) (finding that partner's rate of $625/hour was reasonable because it was "below the median for litigation attorneys and commercial attorneys in Los Angeles," as listed in the 2021 Wolters Kluwer Real Rate Report).

To calculate the lodestar, the Court next determines the reasonableness of the number of hours spent on this matter: 11.5 hours by Smith and 20.1 hours by Wall. "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). Here, the Court finds that it was reasonable for the Receiver's counsel to spend 31.6 hours in total drafting and revising the *ex parte* application and the reply, as well as conferring with plaintiff's counsel and Martinez's former counsel. It also appears reasonable that the Receiver did not include hours spent on other issues related to Martinez's contempt, limiting his request largely to time spent on the briefing. See also China Cent. Television v. Create New Tech. (HK)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 8:24-cv-01386-CAS-RAOx | Date | July 10, 2025 |
|---|---|---|---|
| Title | Federal Trade Commission v. Panda Benefit Services, LLC et al | | |

Ltd., No. CV 15-1869-MMM-AJWx, 2015 WL 6755188, at *7 (C.D. Cal. Nov. 4, 2015) ("Plaintiffs' requested attorneys' fees of $34,680.60, representing only a portion of the fees incurred in connection with this proceeding to hold CNT in contempt, are consistent with other attorneys' fees awards in this Circuit for similar motions and are reasonable based on the court's knowledge of prevailing rates in the community.").

Accordingly, the Court finds that the Receiver's request of $19,377 in fees is reasonable and appropriate, in addition to costs of $107.[1]

### IV.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** the Receiver's request for attorneys' fees and costs. The Court **GRANTS** the Receiver's request for $19,377 in attorneys' fees and $107 in costs. The Court **DENIES** the Receiver's request for costs in all other respects.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[1] Because it appears that the $61.75 in costs listed in Exhibit 1 were incurred in connection with the Receiver's motion for an OSC as to why Larry Levin should not be held in civil contempt, the Court determines that the appropriate cost award is $107 rather than $168.75. See dkt. 112, Ex. 1-2.